# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAFECO INSURANCE COMPANY OF AMERICA,

    Plaintiff(s),

v.

RIP VAN 899, LLC, et al.,

    Defendant(s).

Case No. 2:23-cv-01417-ART-NJK

**Order**

[Docket No. 28]

Pending before the Court is Plaintiff Safeco Insurance's motion to stay discovery pending resolution of its motion for judgment on the pleadings. Docket No. 28. Defendant Rip Van filed a notice of partial non-opposition. Docket No. 32. The Estate of Christopher Erin Brown Defendants filed a response in opposition. Docket No. 34. Safeco filed a reply. Docket No. 36.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **DENIED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that

---

[1] The motion for judgment on the pleadings has been fully briefed. *See* Docket Nos. 27, 31, 33, 35.

1

the potentially dispositive motion will actually resolve the case. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2]

The Court is not persuaded that a stay of discovery is warranted in this case. Most significantly, the Court is not convinced that Safeco will prevail on its motion for judgment on the pleadings. For example, it is not clear that the "professional services" exclusion issue can be decided in Safeco's favor on the pleadings. *See, e.g.*, Docket No. 33 at 16-17.[3] Similarly, it is not clear that judgment will be entered as a matter of law regarding the identity of the insured covered by the policy without allowing Defendants to present evidence on their theories of coverage. *See, e.g.*, Docket No. 31 at 7-10.[4] Given the circumstances, the Rule 1 goals are best effectuated by moving the parties along in discovery. *Cf. Tradebay*, 278 F.R.D. at 603. A stay of discovery is not warranted.[5]

---

[2] Well-established case law holds that, "[w]hile Fed. R. Civ. P. 26(c) protects against oppression or undue burden and expense, a showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order" to stay discovery pending resolution of a dispositive motion. *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Well-established case law also holds that "a district court may stay discovery only when it is *convinced* that the Plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 601 (emphasis in original). A minority approach has emerged that is inconsistent with this settled law. *See, e.g.*, *Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021). The undersigned has rejected the minority approach. *Flynn v. Nev.*, __ F.R.D. __, 2024 WL 45371 (D. Nev. Jan. 3, 2024). Accordingly, the Court declines Safeco's invitation to adjudicate this motion using the minority approach. *See, e.g.*, Docket No. 28 at 6.

[3] Motions for judgment on the pleadings are usually filed by defendants. When a plaintiff moves for judgment on the pleadings, denials by the defendant in an answer are taken as true. *E.g.*, *Rosen v. Hollywood Show, LLC*, 2019 WL 4138658, at *2 (C.D. Cal. June 3, 2019) ("Plaintiff's motion for judgment on the pleadings fails because Hollywood Show denied several material allegations in its answer and those denials must be accepted as true"). In this case, the Estate Defendants filed an answer denying material factual allegations. *See* Docket No. 33 at 10-13.

[4] Safeco raises various arguments attacking the credibility of Defendants' factual assertions and arguing against the applicability of certain defenses, *see, e.g.*, Docket No. 35 at 4-5, but it is not clear that such arguments are properly adjudicated on the pleadings rather than at summary judgment or at trial.

[5] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss and may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of the motion to dismiss is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motion in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion and subsequent briefing.

Accordingly, the motion to stay discovery is **DENIED**. A joint discovery plan must be filed by February 28, 2024.

IT IS SO ORDERED.

Dated: February 20, 2024

_____
Nancy J. Koppe
United States Magistrate Judge