1    CLYDE & CO US LLP
     Amy M. Samberg (Nevada Bar No. 10212)
2    Lee H. Gorlin (NV Bar No. 13879)
     7251 West Lake Mead Boulevard, Suite 430
3    Las Vegas, Nevada 89128
     Telephone No.: 725-248-2900
4    Facsimile No.: 725-248-2907
     E-Mail: amy.samberg@clydeco.us
5            lee.gorlin@clydeco.us

6    *Attorneys for Safeco Insurance
     Company of America*

7                    **UNITED STATES DISTRICT COURT**

8                    **FOR THE DISTRICT OF NEVADA**

9

10   SAFECO INSURANCE COMPANY OF          Case No. 2:23-cv-01417-ART-NJK
     AMERICA, a foreign corporation,

11                                        ~~**[PROPOSED]**~~ **DISCOVERY PLAN**
                   Plaintiff,             **AND SCHEDULING ORDER**

12          v.                            **SPECIAL SCHEDULING REVIEW**
                                          **REQUESTED**
13   RIP VAN 899, LLC, a Nevada limited
     liability company; ESTATE OF
14   CHRISTOPHER ERIN BROWN, decedent
     and Nevada citizen; CHERI A. BROWN,
15   individually and as Special Administrator of
     the ESTATE OF CHRISTOPHER ERIN
16   BROWN, a Nevada citizen; and
     CHRISTOPHER DAVID KIRK BROWN, a
17   minor and heir of the ESTATE OF
     CHRISTOPHER ERIN BROWN, a Nevada
18   Citizen, by and through his paternal
     grandmother and legal guardian, CHERI A.
19   BROWN, a Nevada Citizen.

20                 Defendants.

21   RIP VAN 899, LLC, a Nevada limited
     liability company,
22
                   Counterclaimant,
23   vs.

24   SAFECO INSURANCE COMPANY OF
     AMERICA, a foreign corporation
25
                   Counterdefendant.
26

27

28

137272570.1

RIP VAN 899, LLC, a Nevada limited
liability company,

               Third-Party Plaintiff,

vs.

MIKE PAYNE, an individual; LEGACY
INSURANCE GROUP, a Nevada Domestic
Corporation

               Third-Party Defendants.

Plaintiff and Counterdefendant SAFECO INSURANCE COMPANY OF AMERICA ("Safeco"), Defendant, Counterclaimant, and Third-Party Plaintiff RIP VAN 899, LLC ("Rip Van"), Defendants the ESTATE OF CHRISTOPHER ERIN BROWN, CHERI A. BROWN, and CHRISTOPHER DAVID KIRK BROWN (the "Brown Defendants"), and Third-Party Defendants MIKE PAYNE and LEGACY INSURANCE GROUP (the "Legacy Third-Party Defendants") (collectively the "parties"), by and through their respective counsel of record pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, hereby agree to the following Joint Discovery Plan and Scheduling Order for the Court's approval as follows:

## I.   **INTRODUCTION**

This is an action for a declaration as to whether an insurance policy issued by Safeco provides coverage for claims made against Rip Van by the Brown Defendants in an underlying Nevada State court action in the Eighth Judicial District entitled *Estate of Christopher Erin Brown, et al. v. Compassionate Heart Services, LLC, et al*, Case No. A-22-855307-C . Safeco believes that the claims alleged therein against Rip Van are not covered, whereas Rip Van and the Brown Defendants believe that they are.

In responding to Safeco's Complaint, Rip Van asserted a number of joint counterclaims and third-party claims against Safeco and the Legacy Third-Party Defendants.  Rip Van also asserted an additional individual counterclaim against Safeco.  These Counterclaims and Third-Party Claims arise out of Rip Van's belief that the Landlord Protection Insurance Policy Safeco and/or the Legacy Defendants issued to Dooley Tu was supposed to have insured Rip Van, rather than or in addition to Dooley Tu (Rip Van's sole member).

/ / /

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

II.     **POSITION OF THE LEGACY THIRD-PARTY DEFENDANTS.**

On February 28, 2024, the Legacy Third-Party Defendants filed a Motion to Dismiss Rip Van's Third-Party Complaint.  The Legacy Third-Party Defendants believe Rip Van's third-party claims against them are wholly premature and unripe, since the Nevada state court action is still pending and no judgment of liability has been entered against RIP Van, and Safeco's declaratory relief claim in the present action has not yet been adjudicated by this Court.  As a result, the Legacy Third-Party Defendants do not believe they are appropriate parties in the present action at this time for all purposes, including discovery.[1]  Hence, the Legacy Third-Party Defendants do not believe they should have to incur the costs of discovery to adjudicate professional liability claims, which will include written discovery, depositions, and costly expert witnesses, where such claims are premature and unripe, and such claims may never ripen depending on the outcome of the Nevada state court action and Safeco's declaratory relief claim in this Court.

III.    **ADDITIONAL TIME REQUESTED BY THE PARTIES.**

Additional time is being requested by the parties due to the amount of motion practice already undertaken, as well as the fact that the final parties, the Legacy Third-Party Defendants, only just appeared, filing a Motion to Dismiss the Third-Party Claims.  Counsel for the Legacy Third-Party Defendants and counsel for Rip Van communicated by phone on March 6, 2024 concerning the Legacy Third-Party Defendants' position noted above and have reached an agreement to have the Legacy Third-Party Defendants dismissed without prejudice from the present action.  They are now in the process of working out a written agreement among themselves and plan to submit dismissal paperwork to the Court.  As a result of their agreement, they believe it makes sense to allow for the Court to allow for additional time for discovery to allow Rip Van to first resolve issues with the Legacy Third-Party Defendants.

Rip Van and the Legacy Third-Party Defendants are targeting to complete their written agreement and then to submit dismissal paperwork to this Court by March 20, 2024.  As such, the

---

[1] Nothing herein serves as a waiver of any party's rights to seek discovery from the "Legacy Third-Party Defendants" as a non-party pursuant to the Federal Rules of Civil Procedure.

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

parties believe that it makes most sense to impose the standard amount of time for discovery, but that the time begin on March 20, 2024, to account for the issues noted above.

**IV.     PROPOSED DISCOVERY PLAN**

    **A.     Fed. R. Civ. P. 26(f) Conferences**

    On Tuesday, March 5, 2024, the parties held the conference to discuss issues required by Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.  Lee Gorlin, Esq. of the law firm Clyde & Co US LLP appeared for Safeco.  Ngoc Phan, Esq. of the law firm Lin Law Group, P.C. appeared for Rip Van.  James Trummell, Esq. of the law firm Valiente Mott, Ltd. appeared for the Brown Defendants.  Marc Cwik, Esq. of the law firm Lewis Brisbois Bisgaard & Smith LLP appeared for the Legacy Defendants.

    **B.     Statement of Reasons Why Longer Time Periods Should Apply to This Case:**

    At the FRCP 26(a)(1) conference, the parties agreed that good cause existed for the calculation of deadlines to begin from the date briefing is set to close on the Legacy Defendants' Motion to Dismiss Third Party Claims, which is March 20, 2024.  The parties believe the calculation of deadlines from the date the first defendant answered or otherwise appeared, as prescribed by LR 26(e)(1), is unworkable due to the fact that the parties have only all appeared as of February 28, 2024.  Accordingly, the parties request all deadlines be entered as further detailed below.

    **C.     Discovery Plan:**

    The parties propose to the Court the following discovery plan:

        **1.     Initial Disclosures**: The Parties will make their disclosures on or before **April 3, 2024**, fourteen (14) days following the opening of discovery and the closing of the briefing on the Legacy Defendants' Motion to Dismiss.

        **2.     Discovery Cut-Off Date**: The discovery cut-off will be **Monday, September 16, 2024**.  This date is one hundred and eighty days from the day that discovery opens and the closing of the briefing on the Legacy Defendants' Motion to Dismiss.  This longer time is requested to ensure that the parties who intend to file briefs related to the Legacy Defendants' Motion can focus their efforts there before beginning discovery in full once the briefing is closed.

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

**3.** **Amending the Pleadings and Adding Parties**: All motions to amend the pleadings or to add parties shall be filed not later than **Tuesday, June 18, 2024**, which is ninety (90) days prior to the discovery cut-off date.

**4.** **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**: The parties shall disclose expert witness(es) ninety (90) days prior to the discovery cut-off date, **Tuesday, June 18, 2024**. The parties further agree that disclosure of their respective rebuttal experts will be no later than **Thursday, July 18, 2024**, which is thirty (30) days after the initial disclosure of their experts.

**5.** **Dispositive Motions**: Dispositive motions shall be filed not later than thirty (30) days after the discovery cut-off date, or **Wednesday, October 16, 2024**.

**6.** **Pre-Trial Order**: The joint pretrial order shall be filed not later than thirty (30) days after the dispositive motion deadline, which is **Friday, November 15, 2024**.  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motion or further order of the Court.

**7.** **Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures**: These disclosures and any objections to them shall be made in the joint pretrial order.  Unless the court orders otherwise, these disclosures must be made at least thirty (30) days before trial.

**8.** **Alternative Dispute Resolution**: The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes and agree that mediation or other early dispute resolution is not appropriate in this case at this time.  However, the parties remain open to further consider mediation or other early dispute resolution after some further discovery into the allegations and defenses in this matter.

**9.** **Alternative Form of Case Disposition**: The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and use of the Short Trial Program (General Order 2013-01).  The parties are unable to consent to either at this time and will proceed with the standard trial program as governed by the Federal Rules of Civil Procedure and the Local Rules of the Court.

**10.** **Electronic Evidence**: The parties anticipate that electronic evidence may be used in this case and presented to a jury should the case proceed to trial.  The parties have not

identified any issues regarding the disclosure, discovery, or use of electronically stored information ("ESI") at a jury trial.  The parties have agreed that electronic discovery should be produced in electronic format searchable by all parties.  As this matter progresses towards trial, the parties will consult with appropriate court staff to ensure the seamless ability to present electronic evidence.

  **D.** **Stipulations Regarding Limitations or Conditions or Additional Discovery:**

   **1.** **Changes or Limitations:** The parties will proceed to engage in discovery as permitted under the Federal Rules of Civil Procedure and the Local Court Rules, including deposition, interrogatories, requests for production of documents, and requests for admission, with no anticipated changes or limitations identified at this time.

   **2.** **Other Order Under 26(c) or 16(b) or (c):** None at this time, but the parties reserve the right to submit a stipulated protective order in the event that confidential information becomes subject to a discovery request.

  **E.** **Extensions or Modifications of the Discovery Plan and Scheduling Order:**

  Local Rule 26-3 governs modifications or extension of this Discovery Plan and Scheduling Order.  Any stipulation or motion to extend a deadline set forth herein must be made not later than twenty-one (21) days before the expiration of the subject deadline, otherwise any such request made within twenty-one (21) days of the expiration of the subject deadline will be supported by good cause.

  **F.** **Claw Back Agreement:**

  In the event any party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other parties (the "Recipients") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

CLYDE & CO US LLP
7251 West Lake Mead Boulevard, Suite 430
Las Vegas, Nevada 89128

1   If the Discloser asserts that it inadvertently produced a privileged or confidential item in

2   accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or

3   documents and any copies within ten days of the notification.  Alternatively, the Recipient(s) must

4   attest that they have permanently destroyed any electronic copies of such specified material or

5   documents and affirm in writing to counsel for the Discloser of such destruction.

6   In the event that the Recipient(s) contends the documents are not subject to privilege or

7   confidentiality as asserted by the Discloser in accordance with the Claw Back Agreement, the

8   Recipient(s) may, following the return and/or destruction described in Paragraph 2 of this Claw

9   Back Agreement, challenge the privilege claim through a Motion to Compel or other pleading with

10  the Court in which the litigation is currently pending. The parties agree that any review of items by

11  the judge shall be an *in camera* review.

12  Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality

13  or should the presiding judge determine that the documents are in fact subject to privilege or

14  confidentiality, the documents, or information contained therein or derived therefrom, may not be

15  used in the Litigation or against Discloser in any future litigation or arbitration brought by the

16  Recipient(s).  Nothing contained within this Claw Back Agreement shall be deemed to waive any

17  objection that any Party may wish to assert under applicable state or federal law.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Dismissal papers for the Legacy Third-Party Defendants must be filed by **March 20, 2024**.  The case management deadlines proposed are adopted as the scheduling order.  IT IS SO ORDERED.
Dated:  March 7, 2024
.
.
_____
Nancy J. Koppe
United States Magistrate Judge

1    Dated:  March 6, 2024

2    CLYDE & CO US LLP                              LIN LAW GROUP

3    By: */s/ Lee H. Gorlin*                        By: */s/ Michael M. Lin*
     Amy M. Samberg (Nevada Bar No. 10212)          Michael M. Lin (Nevada Bar No. 10392)
4    Lee H. Gorlin (Nevada Bar No. 13879)           5288 Spring Mountain Road, Suite 103
     7251 West Lake Mead Boulevard, Suite 430       Las Vegas, Nevada 89146
5    Las Vegas, Nevada 89128

6    *Attorneys for Safeco Insurance Company of*    *Attorneys for Rip Van 899, LLC*
     *America*

7    VALIENTE MOTT, LTD                             LEWIS BRISBOIS BISGAARD & SMITH
8                                                   LLP

9    By: */s/ James A. Trummell*                    By: */s/ Marc S. Cwik*
     James A. Trummell (Nevada Bar No. 14127)       Marc S. Cwik (Nevada Bar No. 6946)
10   700 South Seventh Street                       6385 South Rainbow Boulevard, Suite 600
     Las Vegas, Nevada 89101                        Las Vegas, Nevada 89118
11
12   *Attorneys for the Estate of Christopher Erin* *Attorneys for Mike Payne and Legacy*
     *Brown, Cheri A. Brown, and Christopher*       *Insurance Group*
     *David Kirk Brown*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -